# IN THE SUPREME COURT OF IOWA

No. 14–2114

Filed January 22, 2016

Amended April 19, 2016

**STATE OF IOWA,**

Appellee,

vs.

**ADAM CHRISTOPHER DAHL,**

Appellant.

Appeal from the Iowa District Court for Emmet County, Donald E. Courtney, Judge.

A defendant appeals a district court decision denying his request for an ex parte hearing to determine whether he is entitled to appointment of a private investigator at state expense. **REVERSED AND REMANDED WITH DIRECTIONS.**

Matthew G. Sease of Kemp & Sease, Des Moines, and John M. Sandy of Sandy Law Firm, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, and Douglas R. Hansen, County Attorney, for appellee.

**WIGGINS, Justice.**

A criminal defendant appeals a district court ruling denying his request for an ex parte hearing on the merits of his application for appointment of a private investigator at state expense. We conclude the defendant was entitled to an ex parte hearing on the merits of his application. Accordingly, we reverse the order of the district court denying the request for an ex parte hearing and remand the case with instructions.

### I. Background Facts and Proceedings.

Adam Dahl's ex-girlfriend accused him of entering her home and assaulting her. She further complained that he entered her vehicle and took several items from the vehicle. The State charged Dahl with first-degree burglary, third-degree burglary, and domestic abuse. *See* Iowa Code § 708.2A(1), .2A(3)(*b*) (2013); *id.* §§ 713.1, .3(1)(*c*), .6A(2). The district court appointed private counsel to represent Dahl after finding him to be indigent. Dahl entered a written plea of not guilty on all counts.

The facts that led to these underlying criminal charges are largely irrelevant to this appeal. This appeal concerns the district court's rulings on Dahl's application for depositions at state expense and his application for appointment of a private investigator at state expense. Each application asserted the requested relief was necessary for Dahl's counsel to provide him with a proper and effective defense. In the application for appointment of a private investigator at state expense, Dahl named a proposed investigator and indicated he sought the investigator to review the case, conduct an investigation, and prepare a written report. He approximated the cost for these investigative services would be approximately $3000.

The district court granted the application for depositions at state expense. However, the court did not rule on the application for appointment of a private investigator at state expense until the State had a chance to resist the application. The State resisted the application, arguing it did not indicate the specific defense for which investigation was necessary to ensure an adequate defense and asserting our caselaw requires such specification.

The district court ordered a hearing on the merits of the application for appointment of a private investigator at state expense. Dahl filed a motion requesting that the prosecutor not attend any portion of the hearing relating to the necessity of hiring a private investigator to ensure his adequate defense. He argued disclosing the basis of his need for an investigator in the prosecutor's presence would permit the State a window into his trial strategy to which it was not entitled and violate his due process rights under the Sixth Amendment of the Federal Constitution and article I, section 10 of the Iowa Constitution.

At the hearing, the district court permitted defense counsel first to address the motion requesting the portion of the hearing concerning the merits of his application to be conducted ex parte. Defense counsel indicated Dahl required an investigator to interview witnesses and submitted documents regarding the qualifications of the desired investigator and an estimate of the anticipated cost of hiring him. However, defense counsel refused to indicate the names of the witnesses Dahl sought to interview or why interviewing those witnesses was relevant to providing Dahl with an adequate defense. Dahl's counsel argued that to disclose such information in the presence of the prosecutor would disclose his trial strategy to the State and violate his ethical duty to zealously represent Dahl and maintain confidentiality

concerning attorney–client communications. Counsel also argued such disclosure would violate Dahl's right to effective assistance of counsel under the Federal and State Constitutions.

The district court orally denied the motion for an ex parte hearing concerning the merits of the application for appointment of a private investigator, ruling the State had a right to participate in the hearing on the merits of the application. Immediately thereafter, the court granted a request to suspend the hearing to permit Dahl to file this interlocutory appeal. The court also filed a written order denying the motion. In its written order, the court acknowledged Dahl was required to disclose specific information concerning what the private investigator would do during the course of his investigation and how the information obtained might be exculpatory for the court to grant his application. However, the court found that permitting defense counsel to disclose such information in an ex parte hearing outside the presence of the prosecutor to be inappropriate.

Dahl applied to this court for permission to appeal the district court order in advance of a final judgment. *See* Iowa R. App. P. 6.104(1). We granted the application for interlocutory appeal and stayed the district court proceedings pending resolution of this appeal.

## II. Issue.

This appeal raises the issue of whether a criminal defendant is entitled to an ex parte hearing in connection with an application for a private investigator under Iowa Code sections 815.7(1) and (5). Dahl points out that courts in other jurisdictions have interpreted similar statutes and procedural rules to mandate ex parte hearings. He argues if we do not interpret section 815.7 to require ex parte hearings for indigent criminal defendants who request investigative services, we should find

criminal defendants have a right to an ex parte hearing under the United States and Iowa Constitutions.

The doctrine of constitutional avoidance counsels us to construe statutes to avoid constitutional issues when possible. *State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 85 (Iowa 2014); *Mall Real Estate, L.L.C. v. City of Hamburg*, 818 N.W.2d 190, 200 (Iowa 2012); *see Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 345–48, 56 S. Ct. 466, 482–84, 80 L. Ed. 688, 710–12 (1936) (Brandeis, J., concurring). Accordingly, the issue we will decide is whether we can construe the procedure required under section 815.7 to allow for an ex parte hearing and avoid any constitutional issues that may arise under the statute if construed in a contrary fashion.

## III.  Scope of Review.

We review questions of statutory interpretation for correction of errors at law. *State v. Gonzalez*, 718 N.W.2d 304, 307 (Iowa 2006). Moreover, the Iowa Constitution provides this court with "supervisory and administrative control over all inferior judicial tribunals throughout the state." Iowa Const. art. V, § 4. In this capacity, this court may implement protocols to protect the rights of criminal defendants. *See State v. Cashen*, 789 N.W.2d 400, 408–10 (Iowa 2010) (implementing a protocol to allow criminal defendants access to certain mental health records), *superseded by statute*, 2011 Iowa Acts ch. 8, § 2 (codified at Iowa Code § 622.10 (2011)), *as recognized in State v. Thompson*, 836 N.W.2d 470, 490 (Iowa 2013); *see also In re Judges of the Mun. Ct.*, 256 Iowa 1135, 1136, 130 N.W.2d 553, 554 (1964) (per curiam) (discussing this court's duty to exercise its supervisory and administrative powers).

## IV. Discussion and Analysis.

The Iowa Code establishes a procedure whereby indigent defendants may retain an investigator necessary for the defendant to present an adequate defense. The relevant statute states:

> 1. An attorney who has not entered into a contract authorized under section 13B.4 and who is appointed by the court to represent any person pursuant to section 814.11 or 815.10 shall be entitled to reasonable compensation and expenses.
>
> . . . .
>
> 5. The expenses shall include any sums as are necessary for investigations in the interest of justice . . . .

Iowa Code § 815.7(1), (5) (2013).

In construing section 815.7, we start with the proposition that the Sixth Amendment to the United States Constitution requires the State to pay for reasonably necessary defense services for which indigent defendants demonstrate a need in order to ensure such defendants receive effective assistance of counsel. *English v. Missildine*, 311 N.W.2d 292, 293–94 (Iowa 1981). However, this right is not limitless.

Unless the trial court makes a finding that defense services, including expert or investigative services, are necessary in the interest of justice, an indigent defendant is not entitled to receive those services at state expense. *State v. Leutfaimany*, 585 N.W.2d 200, 208 (Iowa 1998). An indigent defendant bears the burden to demonstrate a reasonable need for such services. *State v. Coker*, 412 N.W.2d 589, 593 (Iowa 1987). We discourage courts from allowing the State to pay for defense services when an indigent defendant merely seeks to embark on a random fishing expedition in search of a defense. *Leutfaimany*, 585 N.W.2d at 208.

In order to prevent indigent defendants from using state funds for this sort of evidentiary exploration, we require the trial court to

independently review facts asserted by counsel and grant the application if those facts "reasonably suggest further exploration *may* prove beneficial to defendant in the development of his or her defense." *Coker*, 412 N.W.2d at 592. Thus, for the court to grant an indigent defendant's application for appointment of a private investigator at state expense, the indigent defendant must inform the court of facts that demonstrate a reasonable need for investigative services.

When an indigent defendant requests the appointment of a private investigator, the defendant needs to inform the trial court what the investigator will do in order to demonstrate a reasonable need for the services the investigator will provide. This may require the defendant to disclose facts that will reveal defense counsel's trial strategy or thought processes. Without this information, the court may be unable to determine if the facts asserted by counsel "reasonably suggest further exploration may prove beneficial to defendant in the development of his or her defense." *See id.* (emphasis omitted).

If the trial court requires defense counsel to make a record of the facts supporting a defendant's reasonable need for investigative services in the presence of the prosecutor, the State could deduce defense counsel's trial strategy from those disclosures. Disclosure of the defense counsel's trial strategy to the State impairs an indigent defendant's right to effective assistance of counsel. *Ex parte Moody*, 684 So. 2d 114, 120 (Ala. 1996).

Congress foresaw this problem when it enacted 18 U.S.C. § 3006A(e)(1), the federal statute that addresses applications for defense services by indigent defendants accused of federal crimes. Section 3006A(e)(1) expressly permits indigent defendants to apply ex parte for investigative, expert, or other services necessary for their counsel to

provide adequate representation. 18 U.S.C. § 3006A(e)(1) (2012). Legislative history indicates Congress intended the ex parte proceeding requirement to "prevent the possibility that an open hearing may cause a defendant to reveal his defense." H.R. Rep. No. 88–864 (1963), *as reprinted in* 1964 U.S.C.C.A.N. 2990, 2990.

"The right to counsel is the right to the effective assistance of counsel." *State v. Williams*, 207 N.W.2d 98, 104 (Iowa 1973). However, we need not decide whether the trial court's failure to provide an ex parte hearing on Dahl's application for appointment of a private investigator violated any of Dahl's constitutional rights because we agree with Congress that an open hearing may possibly cause a defendant to reveal his defense.

Accordingly, we exercise our supervisory powers under article V, section 4 to articulate a protocol to balance the statutory right of an indigent defendant to the appointment of a private investigator under section 815.7 against his or her burden to present sufficient information to the trial court to support the granting of an application for appointment of a private investigator at state expense. Trial courts should use this protocol in those rare circumstances when the State objects to the appointment of a private investigator for an indigent defendant.

As is presently done, an indigent defendant who seeks appointment of a private investigator at state expense must file a timely application. The application should state the name of the investigator the defendant seeks to retain, an estimate as to what the requested services will cost and, if possible, a general description of what services the investigator will provide. The court should then give the State an opportunity to resist the application. Generally, the State should resist

an application on the ground that granting the application will prejudice the administration of justice. Examples of applications that may be prejudicial to the administration of justice include those that are untimely or filed to delay the proceeding. The State should not impede the right of an indigent defendant to fully investigate the case or develop a valid defense. If the State resists the application, the prosecutor should have the right to appear and participate in a hearing regarding the application and the State's resistance.

When a trial court deems an indigent defendant's application for appointment of a private investigator may have some merit but does not contain adequate information for the court to determine whether it should grant the application, the court should hold an ex parte hearing before ruling on the merits of the application. At that hearing, the court should require the defendant to provide additional information that will allow it to rule on the merits. If the court holds an ex parte hearing, the court must report the ex parte hearing. The court must also seal any transcript or order that would disclose defense strategy or work product and file a separate order announcing its decision to grant or deny the application.

This protocol balances the statutory right of an indigent defendant to obtain a private investigator against his or her burden to present information to the trial court sufficient to support the granting of an application for appointment of a private investigator at state expense. This protocol also allows us to avoid deciding whether the failure of a court to hold an ex parte hearing implicates any of the defendant's constitutional rights.

**V.  Disposition.**

We reverse the order of the district court denying Dahl's request for an ex parte hearing and remand the case to the district court to follow the protocol contained in this opinion.

**REVERSED AND REMANDED WITH DIRECTIONS.**