# IN THE COURT OF APPEALS OF IOWA

No. 16-1929
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD LLOYD TATE,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Warren County, Kevin A. Parker,

District Associate Judge.


        A defendant appeals from the district court's denial of his application for

an investigator and an expert witness. **REVERSED AND REMANDED.**


        Teresa M. Pope of Branstad Law, P.L.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Richard Tate appeals following the district court's denial of his application for a court-appointed investigator and an expert witness. Tate claims the district court erred by denying his application without an ex parte hearing as provided under *State v. Dahl*, 874 N.W.2d 348, 353 (Iowa 2016).

## I.        Background Facts and Proceedings

On July 28, 2016, the State charged Tate with operating while intoxicated. *See* Iowa Code § 321J.2 (2016). On September 9, Tate filed an application for a court-appointed investigator, stating, "Defendant requests appointment of a court-appointed investigator in this matter, and requests private investigator Scott Gratias be appointed with a fee limit of $800.00. An investigator is needed for the purpose of obtaining witness statements and obtaining other exculpatory information." The State did not file a resistance, but the court held an unreported hearing on the application on September 20. That same day, the court filed an order summarily denying Tate's application with no explanation given for the denial.

Eight days later, Tate filed a second application for a court-appointed investigator and an expert witness "in order to locate additional evidence, and to review the evidence the State possesses." In addition, Tate asked for the application to be filed "ex parte and under seal" and cited the supreme court's recent decision in *Dahl*. An hour after the second application was filed, the court summarily denied Tate's second application. Again, the State filed no resistance to the application.

On October 13, Tate filed a motion to enlarge, amend, and reconsider the previous denials along with a motion to submit an offer of proof ex parte and under seal. Again citing *Dahl*, Tate asserted an investigator was needed to speak with witnesses and an expert was needed to testify regarding the field sobriety tests administered and the metabolization of alcohol. In a separate motion, Tate indicated his need to file an offer of proof to support his application ex parte and under seal to provide the court facts to support his need for investigative services. The court summarily denied both motions the following day without a resistance from the State.

On November 11, Tate filed an application for discretionary review of the decisions of the district court. Specifically, Tate alleges the court erred when it denied him an ex parte hearing according to *Dahl* protocol. The application was granted, and the matter was transferred to this court.

## II. Scope and Standard of Review

We review the trial court's decision whether to grant a defendant's application for state-funded investigators or experts for an abuse of discretion. *See Johnson v. State*, 860 N.W.2d 913, 921 (Iowa Ct. App. 2014); *State v. Barker*, 564 N.W.2d 447, 450 (Iowa Ct. App. 1997).

## III. Ex Parte Hearing

Tate asserts the district court erred in denying his motion to amend and enlarge and his second application to have a court-appointed investigator and an expert witness. Tate asserts the *Dahl* protocol requires an ex parte hearing to provide additional information before ruling on the merits of the application. *See* 874 N.W.2d at 353. The State contends Tate did not meet *Dahl's* "some merit"

standard and was therefore not entitled to an ex parte hearing to further examine the need for a private investigator or an expert witness at state expense.

In *Dahl*, our supreme court articulated

a protocol to balance the statutory right of an indigent defendant to the appointment of a private investigator under section 815.7 against his or her burden to present sufficient information to the trial court to support the granting of an application for appointment of a private investigator at state expense.

*Id.* The court determined that indigent defendants must file a timely application, stating the name of the investigator, an estimate as to the cost of services, and, if possible, a general description of what services the investigator will provide. *Id.* Additionally, the court should give the State an opportunity to resist the application, and if the State resists the application, the prosecutor should have the right to appear and participate in a hearing regarding the application. *Id.*

Regarding an ex parte hearing, the Court determined:

When a trial court deems an indigent defendant's application for appointment of a private investigator may have some merit but does not contain adequate information for the court to determine whether it should grant the application, the court should hold an ex parte hearing before ruling on the merits of the application. At that hearing, the court should require the defendant to provide additional information that will allow it to rule on the merits.

*Id.*

Tate's first application for an investigator and an expert witness was set for hearing on September 20. We have no record of what occurred at that hearing, including whether the State resisted Tate's application. After the hearing, the district court summarily denied Tate's application. It is thus unclear whether the *Dahl* protocol was followed. However, Tate does not challenge this

ruling on appeal. Instead he focuses on the court's denial of his second application.

Tate's second application for an investigator and expert witness was filed on September 28. Tate's second application specifically cites the *Dahl* protocol and asserts Tate is "unable to afford an investigator and expert witness," and that "[t]o deny the motion for an ex parte expert will put Tate in the position of having to routinely disclose information through the application process solely because he is indigent, and would violate his constitutional right to counsel." *See id.* The district court summarily denied the application the same day, one hour after it was filed, without a resistance from the State or a hearing on the application. As to this motion, it is clear the *Dahl* protocol was not followed.

Tate's motion to amend, enlarge, and reconsider also specifically cites the *Dahl* protocol and asserts the "State did not resist [the] Application." *See id.* The district court summarily denied Tate's motion one day later.

Based on the record, we can determine the *Dahl* protocol was not followed. The record contains no explanation for each denial filed by the court, and no resistance from the State has ever been made part of the record. In addition, with the exception of the unreported hearing on September 20, no hearing, ex parte or otherwise, has been provided for Tate to demonstrate his application has "some merit." *Id.* We therefore conclude the district court abused its discretion by denying Tate the opportunity to provide the necessary factual support for his application for a court-appointed investigator and an expert witness.

**IV.     Conclusion**

Because we conclude the district court abused its discretion in denying Tate's second application for investigator and an expert witness, we reverse the district court's decision, and we remand this matter to the district court to follow the protocol outlined in *Dahl* for consideration of such applications.

**REVERSED AND REMANDED.**