**IN THE COURT OF APPEALS OF IOWA**

No. 15-1644
Filed September 27, 2017

**CHANCE BARNES,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Scott County, Paul L. Macek, Judge.

　　　　The defendant appeals the denial of his motions to amend his postconviction application and continue the postconviction hearing to obtain discovery and the summary dismissal of his third postconviction application. **AFFIRMED.**

　　　　Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

　　　　Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

　　　　Heard by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

**I. Background Facts and Proceedings.**

In 2002, a jury convicted Chance Barnes of one count of murder in the first degree and one count of willful injury. Two codefendants also were charged for the crimes. Barnes testified at trial that he had been near the location of the murder but had not participated. The court sentenced Barnes to life in prison plus ten years. Barnes timely appealed the conviction, arguing counsel was ineffective and the evidence was insufficient to support the verdict. In 2003, a panel of our court affirmed the conviction but preserved Barnes's ineffective-assistance claim for postconviction relief. *See State v. Barnes*, No. 02-1363, 2003 WL 22340208, at *2–3 (Iowa Ct. App. Oct. 15, 2003).

Barnes filed several postconviction applications between 2004 and 2015. In 2004, Barnes filed his first application for postconviction relief making various ineffective-assistance-of-counsel claims. In 2009, Barnes's court-appointed counsel filed an amended application for postconviction relief, narrowing the issues originally raised. Trial was held on Barnes's first application, and relief was denied on all claims. In April 2010, Barnes appealed the first postconviction court's ruling. A panel of our court affirmed the postconviction court's ruling on all claims. *See Barnes v. State*, No. 10-0734, 2012 WL 4100663, at *3 (Iowa Ct. App. Sept. 19, 2012).

Barnes filed his second application for postconviction relief on March 20, 2012,[1] and the State filed an answer on April 4, 2012. Barnes filed amendments

---

[1] Barnes's second appeal was pending when he filed his second application for postconviction relief. *See Barnes*, 2012 WL 4100663, at *3.

to his second application for postconviction relief in January and November 2013. In August 2013, the State received a letter and affidavit from John Mahogany, claiming information from Barnes's codefendant, Lawrence McCoy, indicated that Barnes did not participate in the murder of which he was convicted. The State sent the information to Barnes's attorney, but Barnes did not raise the issue of newly discovered evidence in his November 2013 amended applications. On January 16, 2014, Barnes filed a motion to continue in order to file an amended application to include information regarding the new evidence. The second postconviction court denied the motion to continue.

On January 17, the hearing was held on Barnes's second application for postconviction relief, and the State requested the court dismiss the amended applications because Barnes failed to seek leave to amend from the court. The State also requested summary disposition of the application. In response, Barnes again requested a continuance to present newly discovered evidence. The second postconviction court sustained the State's request to dismiss the amended application, and the court granted the State's motion for summary disposition on January 24, 2014. In its ruling, the court stated:

> As to [Barnes's] request for a continuance of these proceedings to allow newly-discovered evidence, that request must be denied also. The court explained to [Barnes] if he wished to pursue grounds for postconviction relief for the reason of newly discovered evidence, he would have to file a new petition.

Barnes did not appeal.

About a month later, on February 17, Barnes filed his third application for postconviction relief, the subject of this appeal. In this application, Barnes claimed, "PCR appellate counsel was Ineffective for failing to properly Investigate

Issues and Incompetent handling of Proceedings—the Judgment is in violation of the Due Process Clause of both the Fifth and Fourteenth Amendments to the United States Constitution." The State filed an answer on July 28, 2014, and one year later, on June 3, 2015, the State filed a motion for summary dismissal. The motion for summary dismissal elaborated on the claims made in each of Barnes's applications and argued each claim had been litigated and decided.

On July 30, one day before the summary-dismissal hearing, Barnes filed a resistance to the State's motion, arguing he had newly discovered evidence in the form of an affidavit—the same claim mentioned during the second postconviction proceedings but not raised in either proceeding—that stated the affiant had heard from codefendant McCoy that Barnes was present near the murder scene but not directly involved in the murder. The hearing was continued to September 15, 2015.

On August 10, 2015, Barnes's counsel filed an amended application for postconviction relief and a motion to continue the scheduled September hearing. In the amended application, counsel attached the affidavit referenced in Barnes's resistance to the State's summary dismissal motion. Barnes also filed a pro se motion for expert witness. In his motion he asked the court to appoint an expert investigator at the State's expense to pursue "information that trial counsel failed to develop" that is "exculpatory in nature." The State resisted the motion for appointment of an expert, arguing the motion for summary dismissal is dispositive of the issues and Barnes did not allege sufficient grounds in his motion for hiring an investigator.

The third postconviction court held a hearing on September 15, 2015,[2] and entered an order denying Barnes's attempt to amend the application and granting the State's motion for summary dismissal.  In its order the court stated, "All of the claims raised in the Application have previously been adjudicated in the previous appeals and postconviction proceedings."  The postconviction court further held:

> [Barnes] requests the application be amended by adding a claim that there is "newly discovered evidence in the form of a statement made by his co-defendant to another inmate that [Barnes] was not involved in the death of Jonathon Johnson."  In support of that allegation, applicant attached an affidavit of John Mahogany dated July 8, 2013.  The Court finds that this information was available to [Barnes] during his previous postconviction case and if it had merit, should have been raised therein pursuant to Iowa Code § 822.8.

The postconviction court added, "There has not been any reason given by [Barnes] why this claim was not raised in the previous postconviction action." Barnes appealed.

**II. Standard of Review.**

Generally**,** "Our review in postconviction relief proceedings is for correction of errors at law."  *Manning v. State*, 654 N.W.2d 555, 558–59 (Iowa 2002).

We review the denial of a request to amend a pleading for an abuse of discretion.  *See Tomka v. Hoechst Celanese Corp.*, 528 N.W.2d 103, 108 (Iowa 1995).  "An abuse of discretion occurs when the trial court 'exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable.'" *State v. Greene*, 592 N.W.2d 24, 27 (Iowa 1999) (quoting *State v. Smith*, 522 N.W.2d 591, 593 (Iowa 1994)).

---

[2] Barnes did not order the transcript of the hearing or otherwise provide an alternate record.  *See* Iowa Rs. App. P. 6.803, 6.806.

**III. Discussion.**

**A. Denial of Motion to Amend the Application.**

Barnes argues the postconviction court should have allowed him to amend his third postconviction application to include the Mahogany affidavit, which he claimed was newly discovered evidence that entitled him to a postconviction trial on the merits. In his pro se brief, Barnes also argues he should have been allowed to amend his application because the State was aware of the affidavit and the second postconviction court suggested Barnes present the newly discovered evidence claim in a new application for postconviction relief. The State argues Barnes's claim regarding his attempt to amend his application is time-barred under the three-year postconviction statute of limitations, *see* Iowa Code § 822.3, and Barnes failed to provide a reason why he did not raise the newly discovered evidence claim earlier.

Iowa Code section 822.3 mandates a three-year window for raising postconviction claims. It states, in relevant part:

> [A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3. When a party claims an exception to a statute of limitations, it must be pleaded and proved. *Cornell v. State*, 529 N.W.2d 606, 610 (Iowa Ct. App. 1994). Barnes claims the 2013 affidavit is evidence that could not have been raised within the applicable time period.

Iowa Rule of Civil Procedure 1.402(4) allows Barnes to amend his postconviction application under the following circumstances:

A party may amend a pleading as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is required and the action has not been placed upon the trial calendar, the party may so amend it at any time within [twenty] days after it is served. Otherwise, a party may amend a pleading *only by leave of court* or by written consent of the adverse party. Leave to amend, including leave to amend to conform to the proof, shall be freely given when justice so requires.

(Emphasis added). Barnes filed the motion to amend on June 3, 2015—nearly one year after the State filed its answer to Barnes's postconviction relief application on July 28, 2014. Thus, under the applicable rules, Barnes may only amend his application by (1) leave of the postconviction court, or (2) written consent from the State.

Our supreme court has stated, "[A]mendments should be the rule and denial should be the exception." *Baker v. City of Iowa City*, 867 N.W.2d 44, 51 (Iowa 2015); *see also Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976). Amendments should be granted "so long as the amendment does not substantially change the issues in the case" or "if the opposing party is not prejudiced or unfairly surprised" by the substantial change. *Baker*, 867 N.W.2d at 51. Moreover, amendments can be made at any stage of the litigation, even at trial in certain circumstances. *See id.*; *see also Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 767 (Iowa 2002).

Amendments, however, are generally impermissible when they substantially change the issues before the court. *See Meincke v. Nw. Bank & Trust Co.*, 756 N.W.2d 223, 229 (Iowa 2008); *Stoutenberg v. United Anesthesia & Pain Control, P.C.*, No. 16-1679, 2017 WL 4049503, at *1–2 (Iowa Ct. App. Sep. 13, 2017) (affirming district court's denial of motion to amend when it

"substantially change[d] the specific issues involved in the litigation"). Moreover, "[d]istrict courts have considerable discretion" to resolve motions to amend and appellate courts should "only reverse the district court's decision if it has abused that discretion." *Baker*, 867 N.W.2d at 51; *see also Daniels v. Holtz*, 794 N.W.2d 813, 824 (Iowa 2010). An "[a]buse of discretion may be shown where there is no record to support the court's factual conclusions, or where the decision is grounded on reasons that are clearly untenable or unreasonable." *Office of Citizens' Aide/Ombudsman v. Edwards*, 825 N.W.2d 8, 14 (Iowa 2012). If the court's reasoning is based on an erroneous application of the law, it is untenable. *See Sioux Pharm, Inc. v. Eagle Labs,* Inc., 865 N.W.2d 528, 535 (Iowa 2015).

Here, the postconviction court denied Barnes's motion to amend[3] because the alleged new evidence, based on a 2013 affidavit, "was available to [Barnes] during his previous postconviction cases," and "[t]here has not been any reason given by [Barnes] why this claim was not raised in the previous postconviction action." The postconviction court cites Iowa Code section 822.8 in support of its order, which states in relevant part:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, *may not be the basis for a subsequent application*, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

---

[3] The court effectively considered the evidence claimed to be newly discovered and ruled it had not been presented when it had been discovered.

(Emphasis added). The affidavit was signed on July 8, 2013. The ruling dismissing the second application was filed in January 2014. While the second postconviction court stated Barnes could file a new application based on newly discovered evidence, Barnes did not raise the newly discovered evidence claim in his third postconviction application until just before the hearing. *See Langdeaux v. State*, No. 10-1625, 2012 WL 1439077, at *8 (Iowa Ct. App. Apr. 25, 2012) (affirming postconviction court's denial of motion to amend for untimeliness); *see also Bennett v. City of Redfield*, 446 N.W.2d 467, 475 (Iowa 1989) (affirming district court's denial of motion to amend because it substantially changed the issues at trial and was untimely). Yet Barnes had knowledge of the evidence in 2013, and the issue could have been raised in his second postconviction application amendments or when the third application was filed in 2014.

The third postconviction court framed its ruling as a denial of Barnes's motion to amend his application but expressly addressed the requirements for a new-evidence claim by finding that Barnes had failed to present the affidavit when it was discovered. The State argues the evidence claim fails on the merits because it is inadmissible hearsay, cumulative, and the affidavit would not change the result of the trial. To prevail on a claim of newly discovered evidence Barnes was required to show:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003) (quoting *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991)).  Barnes did not make such a showing. Rather, Barnes had knowledge of the evidence approximately two years before he raised it in his motion to amend his third postconviction application.  *See id.* at 520 (holding a postconviction applicant "must show the alleged ground of fact could not have been raised earlier"); *Avina v. State*, No. 11-1780, 2013 WL 1452949, at *2 (Iowa Ct. App. Apr. 10, 2013) (affirming the motion to dismiss defendant's postconviction application where the evidence supporting the claims was available to the defendant earlier).  The third postconviction court correctly found Barnes failed to show the evidence could not have been discovered earlier, as it was, or presented in his second or third postconviction applications. The court did not abuse its discretion denying Barnes's motion to amend his third postconviction application.

**B. Summary Dismissal.**

The next issue is whether the postconviction court erred in granting the State's motion for summary dismissal.[4]  Under Iowa Code section 822.6, the postconviction court may grant summary disposition of a postconviction application "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the

---

[4] Barnes does not argue the postconviction court's summary judgment ruling was improper based on his original (third) application that omitted the newly discovered evidence claim.  Rather, Barnes argues he should have been allowed to amend to present the claim of newly discovered evidence.  We review the postconviction court's denial of Barnes's motion to amend his postconviction application to determine whether summary dismissal was appropriate.

moving party is entitled to judgment as a matter of law." "[T]he rules for summary judgment apply to a motion for summary disposition under paragraph three of section 822.6. Those rules provide that summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Manning*, 654 N.W.2d at 560.

We have found the court's order denying the amendment claiming newly discovered evidence to be proper, so we do not address the merits of the claim except to affirm the district court's finding the evidence was not raised when it became known to Barnes.

The original claims on Barnes's third application were subject to summary dismissal as the district court found. "Any ground finally adjudicated . . . may not be the basis for a subsequent application . . . ." Iowa Code § 822.8. Because the second postconviction court already adjudicated the issues raised in Barnes's third application and the affidavit was already known to Barnes when he filed the third application, there is no question of disputed fact for Barnes's claims. The postconviction court properly dismissed Barnes's application on summary judgment.

### C. Previously Adjudicated Claims.

Barnes raises the following arguments in his pro se brief: (1) a material issue of fact exists whether his sentence was illegal pursuant to the merger doctrine, and (2) Barnes is entitled to relief under the *Heemstra*[5] rule, which gives retroactive effects to substantive rules of law. However, "[a]ny ground finally adjudicated . . . in any other proceeding the applicant has taken to secure relief,

---

[5] *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006).

may not be the basis for a subsequent application . . . ." Iowa Code § 822.8. The first postconviction court rejected these arguments in its March 31, 2010 order. Accordingly, we decline to address them on appeal.

### D. Ruling on New Pro Se Issues.

Barnes argues in his pro se brief the postconviction court failed to rule on all issues raised by him during the third postconviction action. Specifically, Barnes claims the court failed to rule on his motion for expert witness.[6] A trial court is required to consider all timely pro se claims. *See Gamble v. State*, 723 N.W.2d 443, 446 (Iowa 2006) ("The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented.") (quoting Iowa Code § 822.7).

In order "for the court to grant an indigent defendant's application for appointment of a private investigator [or expert] at state expense, the indigent defendant must inform the court of facts that demonstrate a reasonable need for investigative services." *State v. Dahl*, 874 N.W.2d 348, 352 (Iowa 2016). In order to inform the court of the facts that demonstrate a need for services, Barnes must articulate in his timely motion: (1) "the name of the investigator the defendant seeks to retain"; (2) the estimate of the cost; and (3) a description of the services the investigator/expert will provide. *Id.* The *Dahl* court also explained an applicant might be entitled to an ex parte hearing on their motion for an expert witness:

---

[6] Barnes also mentioned an illegal-sentence and illegal-indictment claim in his resistance to the State's motion for summary judgment. These claims, however, were previously adjudicated in earlier postconviction proceedings.

When a trial court deems an indigent defendant's application for appointment of a private investigator may have some merit but does not contain adequate information for the court to determine whether it should grant the application, the court should hold an ex parte hearing before ruling on the merits of the application.

Here, Barnes filed a motion for expert witness on August 20, 2015—nearly one and one half years after he filed his February 17, 2014 application and one month after the State filed its motion for summary dismissal. The motion included the name of an investigator. The motion did not include an estimate of costs, and the only description of services was to obtain "information that trial counsel failed to develop" that "is exculpatory in nature." The State resisted Barnes's motion, and the court ordered a hearing on pending matters. However, we have no record of the hearing, as Barnes did not order the transcript of the hearing or otherwise provide an alternate record. *See* Iowa Rs. App. P. 6.803, 6.806. The motion for expert witness was implicitly denied when the court granted summary dismissal—a request for an expert witness or investigator does not have merit if there are no issues to adjudicate. *See Gamble*, 723 N.W.2d at 446 ("Even if the court does not respond to all of the applicant's *allegations*, the ruling is sufficient if it responds to all the *issues* raised.").

### E. Ineffective Assistance.

Barnes argues in his pro se brief[7] that he was entitled to address the postconviction court at the hearing. He cites *Jones v. State* for the proposition that all applicants have a constitutional right to be heard in court before any judgment is entered. 731 N.W.2d 388, 392 (Iowa 2007). He claims

---

[7] The Brief is docketed as a "supplemental pro se brief."

postconviction counsel was ineffective for failing to make a timely objection related to this issue.[8]

To prove his claims of ineffective assistance of counsel, Barnes must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) he suffered prejudice as a result. *See State v. Morgan*, 877 N.W.2d 133, 136 (Iowa Ct. App. 2016). The claim fails if either prong is not proved. *Id.* When a defendant chooses to raise an ineffective-assistance-of-counsel claim on direct appeal, we may either determine the record is adequate and decide the claim or find the record is inadequate and preserve the claim for postconviction proceedings. *See State v. Neitzel*, 801 N.W.2d 612, 624 (Iowa Ct. App. 2011).

To prove the first prong of this claim, Barnes must show counsel's performance fell outside the normal range of competency. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Starting "with the presumption that the attorney performed [their] duties in a competent manner," "we measure counsel's performance against the standard of a reasonably competent practitioner." *State v. Maxwell*, 743 N.W.2d 185, 195, 195–96 (Iowa 2008). Although counsel is not required to predict changes in the law, counsel must "exercise reasonable diligence in deciding whether an issue is 'worth raising.'" *State v. Westeen*, 591 N.W.2d 203, 210 (Iowa 1999) (quoting *State v. Schoelerman*, 315 N.W.2d 67, 72 (Iowa 1982)). In accord with these principles, we have held that counsel has no

---

[8] Counsel raised a new claim of ineffective assistance of postconviction counsel for the first time in the reply brief. This allegation was that postconviction counsel was ineffective for failing to timely raise the newly-discovered-evidence claim, an allegation we do not consider because it was not raised in Barnes's pro se brief or in counsel's first brief. *See State v. Olsen*, 794 N.W.2d 285, 287 n.1 (Iowa 2011).

duty to raise an issue that has no merit. *State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008); *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008) ("Counsel cannot fail to perform an essential duty by merely failing to make a meritless objection."). Under the second prong, "prejudice is shown when it is 'reasonably probable that the result of the proceeding would have been different.'" *Schaer*, 757 N.W.2d at 638 (quoting *State v. Henderson*, 537 N.W.2d 763, 765 (Iowa 1995)).

We turn to the second prong of the test. Here, Barnes cannot demonstrate prejudice. Barnes's application was dismissed on summary judgment because all of his claims were previously adjudicated during the previous postconviction hearings. Barnes cannot show that there is a reasonable probability the result of the third postconviction trial would have been different if he had addressed the court, as there were no claims to pursue.

**IV. Conclusion.**

The postconviction court did not abuse its discretion in denying Barnes's motion to amend his postconviction application, and, in any event, summary dismissal of the newly-discovered-evidence claim was correct because Barnes failed to raise it after it was discovered. The other issues had been previously litigated. Moreover, the postconviction court considered the pro se issues raised by Barnes and properly denied each of the claims.

**AFFIRMED.**