# IN THE COURT OF APPEALS OF IOWA

No. 19-2023
Filed May 12, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSEPH REDMAN SNOOK,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Clarke County, Patrick W. Greenwood, Judge.

Defendant appeals the sentences imposed following guilty pleas to first-degree theft, second-degree theft, and forgery. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

Joseph Snook appeals his sentences for first-degree theft, second-degree theft, and forgery. We conclude Snook's challenge to his sentences establishes good cause for his appeal. Snook did not preserve error on his claim that the district court did not properly advise him concerning his right to appeal from a guilty plea. The district court gave sufficient reasons for imposing consecutive sentences on the two theft charges. The civil reimbursement order for jail fees and expenses was not subject to a limitation based on a reasonable ability to pay. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

Snook was charged with first-degree and second-degree theft in FECR015517 and forgery in SRCR01540. Snook entered into a plea agreement in which he agreed to plead guilty to theft in the first degree, in violation of Iowa Code section 714.2(1) (2019); theft in the second degree, in violation of section 714.2(2); and forgery, in violation of section 715A.2(2)(a). As part of the plea agreement, the parties agreed to jointly recommend that Snook be sentenced to ten years on the charge of first-degree theft, five years on the charge of second-degree theft, and five years on the charge of forgery. Additionally, as part of the plea agreement, the two theft sentences were to run consecutively, and the forgery sentence would run concurrently to the other sentences. The parties additionally agreed to recommend that Snook would be responsible for all victim restitution.

On November 7, 2019, Snook pled guilty under the terms of the plea agreement. The district court accepted his guilty pleas. Snook requested immediate sentencing. Snook was sentenced in accordance with the

recommendations in the plea agreement. The court ordered him to serve a term of imprisonment not to exceed ten years on the charge of first-degree theft, five years on the charge of second-degree theft, and five years on the charge of forgery. The court ordered that the sentences on the two theft charges would run consecutively, and the sentence on the forgery charge would run concurrently to the other sentences, in accordance with the terms of the plea agreement.

The court informed Snook he did not have the right to appeal his guilty plea. The court stated, "if you allege good cause or a defect in the guilty plea proceeding . . . you have thirty days to file a written application for permission to appeal and an application to authorize a transcript to be prepared at State expense." The court informed Snook he had the right to appeal his sentences.

Snook was ordered to pay restitution in an amount to be determined. The court noted Snook was given the opportunity to be heard concerning his ability to pay Category 2 restitution. The court found Snook "has the reasonable ability to pay actual expenses not to exceed a total of $950 (i.e., $550 in FECR015517 and $400 in SRCR01540) for Category 2 Restitution in addition to Category 1 Restitution associated with this order."

The State filed a motion for civil judgment for restitution on behalf of the sheriff's office, claiming Snook incurred costs of $2120 for room and board while he was in jail.[1] The district court ordered Snook to pay $1060 for jail fees and

---

[1] In addition to the request for restitution for room and board, the State filed a motion for restitution and attached a statement of pecuniary damages for $2833.58. This amount represented items associated with the two theft charges. The court granted the motion and ordered Snook to pay $2833.58. There was also

expenses in each case, FECR015517 and SRCR01540, for a total of $2120. The court noted the claim was not part of the plan of restitution and collection "shall be made pursuant to Iowa Code chapter 626 or any other remedy authorized by law."

Snook filed a motion to clarify the restitution orders pertaining to the jail fees. He claimed the restitution ordered for room and board should be subject to a reasonable-ability-to-pay analysis. The State resisted the motion. After hearing, the court denied the motion. Snook appealed.

## II.  Right to Appeal

**A.**  Iowa Code section 814.6(1)(a)(3) provides a defendant has a right to appeal from a final judgment of sentence, except in the case of "[a] conviction where the defendant has pled guilty. This subparagraph does not apply to a guilty plea for a class 'A' felony or in a case where the defendant establishes good cause."[2]  Section 814.6 became effective July 1, 2019, before the date Snook was sentenced and, therefore, applies in this case. *See State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021) (finding "[t]he statutory right of direct appeal is determined by those laws 'in effect at the time the judgment or order appealed from was rendered.'" (citation omitted)).

Snook has the burden to show good cause for his appeal.[3]  *See id.* at 69. The Iowa Supreme Court has determined "good cause exists to appeal from a

---

a claim for restitution of $719.05 related to the forgery charge. The district court granted this request as well.

[2] Snook was not convicted of a class "A" felony.

[3] Snook asserts that application of the statute violates his due process and equal protection rights. He also claims that because he is unable to raise a claim of ineffective assistance of counsel during the guilty plea proceedings, he is denied his constitutional right to the effective assistance of counsel. Moreover, he claims

conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020); *see also Boldon*, 954 N.W.2d at 69 (finding good cause where a defendant challenged "the sentencing hearing and his sentence"). We conclude Snook's challenge to his sentence establishes good cause for his appeal.

**B.** In a related argument, Snook contends the district court did not properly advise him concerning his right to appeal from a guilty plea.[4] He acknowledges this issue was not preserved for appellate review. He does not claim the failure to preserve error was due to ineffective assistance of counsel. We conclude this issue has not been preserved for our review. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we decide them on appeal." *State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020) (citation omitted). Because Snook's argument was not preserved for our review, we do not discuss it. *See id.*

### III.    Sentencing

Snook claims the district court did not provide adequate reasons for imposing consecutive sentences for the two theft charges. He asserts that the court's reliance on "the nature and the circumstances of the offenses committed

the separation-of-powers doctrine is violated. Snook asks to have the statute struck down. In the alternative, however, Snook states the constitutional issues may be avoided if we find there is good cause for his appeal. "The doctrine of constitutional avoidance counsels us to construe statutes to avoid constitutional issues when possible." *State v. Dahl*, 874 N.W.2d 348, 351 (Iowa 2016).

[4] The district court advised Snook of his right to file a motion in arrest of judgment, stating, "That motion must be filed within 45 days of today's date but not later than five days before the date set for sentencing. If you fail to file the motion, you'll forever lose the right to attack or challenge your guilty pleas."

and in light of the plea agreement," was not sufficient. He believes the court should have elaborated on the nature and circumstances of the offenses that led the court to impose consecutive sentences.

We review a district court's sentencing decision for the correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* We will not find an abuse of discretion "unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Iowa Rule of Criminal Procedure 2.23(3)(d) "require[s] the district court to state the reasons for its sentence." *State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016). "[B]y requiring reasons for a particular sentence to be on the record, a reviewing court will be able to assess whether there has been an abuse of discretion in sentencing." *State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015). "While the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *Id.* at 408 (citation omitted). In giving consecutive sentences, "the court may rely on the same reasons for imposing a sentence of incarceration." *Hill*, 878 N.W.2d at 275. "When the reasons for a particular sentence have not been stated on the record . . . we have vacated the sentence and remanded the case to the district court for resentencing." *Thacker*, 862 N.W.2d at 408.

The prosecutor asked the court to clarify whether Snook's sentences would run concurrently or consecutively. The court stated:

Based on the nature and the circumstances of the offenses committed and in light of the plea agreement, the sentences of incarceration in case [FECR015517] will run consecutively; in other words, for a term not to exceed fifteen years. However, the sentence of incarceration for a term not to exceed five years in case [SRCR01540] will run concurrently with case [FECR015517].

We determine the district court provided adequate reasons on the record for giving Snook consecutive sentences for the two theft charges. The court references the nature and circumstances of the offenses. The case involved the theft of two separate items—for count I, Snook admitted taking a skid loader, and for count II, he admitted taking a pickup. Also, the court gave consecutive sentences based on the plea agreement. As part of the plea bargain, the State and Snook agreed to recommend consecutive sentences for the two theft charges. In general, "a sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it 'was merely giving effect to the parties' agreement.'" *Id.* at 409 (citation omitted).

We conclude the district court gave sufficient reasons for imposing consecutive sentences on the two theft charges.[5]

## IV. Jail Fees and Expenses

Snook contends that the order requiring him to pay jail fees and expenses should be limited to his reasonable ability to pay. He points out that the court found he had the reasonable ability to pay $950 and states the amount he is required to pay for jail fees and expenses should be limited to this amount. Restitution orders

---

[5] Snook asserts that if we find the district court did not give sufficient reasons for the consecutive sentences, then his due process rights were violated. As we have determined the court gave sufficient reasons for the consecutive sentences, we do not address Snook's due process claims on this issue.

are reviewed for the correction of errors at law. *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019).

A sheriff may seek reimbursement for jail fees and expenses through a restitution plan or through civil proceedings under chapter 626. *Id.* at 700. In this case, the county attorney filed a "Motion for Civil Judgment for Restitution." The district court's order approving the motion states:

> The Sheriff, in his/her application, did not request to have the amount of the claim for charges owed included within the amount of restitution, pursuant to Iowa Code section 356.7(2)(i). Accordingly, this judgment is not part of the plan of restitution and collection of this judgment shall be made pursuant to Iowa Code chapter 626 or any other remedy authorized by law to include collection pursuant to Iowa Code section 602.8107.

Here, the sheriff sought reimbursement for jail fees and expenses through a civil judgment. An award of jail fees in a civil proceeding is not subject to limitation based on a reasonable ability to pay. *Id.* at 703; *State v. Fagan*, No. 19-1757, 2021 WL 211151, at *1 (Iowa Ct. App. Jan. 21, 2021). Furthermore, at the time of the order in question, there was no requirement that the sheriff file the claim as a separate civil action. *Gross*, 935 N.W.2d at 704. We conclude the reimbursement order for jail fees and expenses was not subject to a limitation based on a reasonable ability to pay.[6]

---

[6] On December 5, 2019, the district court denied Snook's motion to clarify restitution orders. This was before the Iowa Supreme Court's supervisory order, *In the Matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* (Supervisory Order), which was immediately effective on July 7, 2020. *See State v. Conrad*, No. 18-1363, 2020 WL 5651280, at *1–2 (Iowa Ct. App. Sept. 23, 2020). The supervisory order implemented recent amendments to the statutes governing restitution. *Id.* The supervisory order states that the supervisory order does not impact any civil judgments for administrative jail fees entered in criminal cases prior to June 25, 2020. Snook's civil judgment

Snook also claims his due process rights were implicated by the reimbursement order. Snook's motion seeking to clarify the orders pertaining to jail fees did not raise this due process argument. For this reason, the court did not rule on the issue. We conclude Snook's due process claim has not been preserved for our review. *See Fagan*, 2021 WL 211151, at *2 (finding error was not preserved because "[n]o claim of a procedural-due-process violation was raised or considered by the district court"); *State v. Bennett*, No. 19-0226, 2020 WL 2060304, at *5 (Iowa Ct. App. Apr. 29, 2020) (finding defendant failed to preserve error on a due process challenge to a reimbursement order).

We affirm the decision of the district court.

**AFFIRMED.**

---

was entered on November 22, 2019. Snook's order for civil restitution was governed by *Gross*, which was decided on November 15, 2019. *See* 935 N.W.2d at 704–05. The decision in *Gross* did not require a separate civil proceeding, although the advisory order and the amendments to the restitution statutes now require a separate civil action. *See id.* at 704; *but see Conrad*, 2020 WL 5651280, at *1 (quoting Supervisory Order).