**STATE of Iowa, Plaintiff–Appellee,**

v.

**Tye Nicholas ROOT, Defendant– Appellant.**

No. 10–1247.

Court of Appeals of Iowa.

June 29, 2011.

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Tye Nicholas Root, Clarinda, appellant pro se.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Shelly Sedlak, Assistant County Attorney, for appellee.

Considered by VOGEL, P.J., VAITHESWARAN, J., and HUITINK, S.J.* TABOR, J., takes no part.

VOGEL, P.J.

■ Following a jury trial, Tye Root was convicted of delivery of a controlled substance (methamphetamine) in violation of Iowa Code section 124.401(1)(b)(7) (2007). Root appeals and asserts the district court applied the wrong standard in ruling on his motion for a new trial.[1] "We review for errors at law [a defendant's] claim that the district court failed to apply the proper standard in ruling on the motion for new trial." *State v. Wells,* 738 N.W.2d 214, 218 (Iowa 2007).

■ In ruling on a motion for a new trial in a criminal case, the district court is to apply a weight-of-the-evidence standard.[2] *Id.* at 219; *State v. Reeves,* 670 N.W.2d 199, 202 (Iowa 2003) ("On a motion for new trial, however, the power of the court is much broader. It may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2011).

1. Root filed a pro se brief, in which he denies he was the person who delivered the methamphetamine. His brief does not comply with the *rules of appellate procedure in a number* of ways, including not addressing error preservation, standard of review, or citing any authority. *See* Iowa R.App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). We find his argument waived.

2. The Iowa Rules of Civil Procedure provide for the granting of a new trial if a verdict is "not sustained by sufficient evidence or is contrary to law." Iowa R. Civ. P. 1.1004(6). The Iowa Rules of Criminal Procedure provide for the granting of a new trial if a verdict is "contrary to law or evidence." Iowa R.Crim. P. 2.24(2)(*b*)(6). However, our case law requires the application of a weight of the evidence standard.

weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted."). Root filed a "Motion in Arrest of Judgment and Motion for a New Trial." In the hearing on the motions, Root's attorney argued that the verdict was against the weight of the evidence. In a written ruling that followed, the district court stated, "Hearing on Defendant's motion for arrest of judgment. Both Defendant and counsel personally appear. The verdict herein is supported by competent evidence. The 'Motion in Arrest of Judgment and Motion for New Trial' is overruled and denied."

▮ The State acknowledges that "the brevity of the court's ruling leaves some ambiguity in what standard was applied." The district court stated the verdict was supported by "competent evidence," rather than the weight of the evidence. While we place great confidence in the district court's experience in utilizing the differing standards, we have repeatedly remanded to make certain the proper standard was applied and reflected in its ruling. *See, e.g., State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (remanding for reconsideration of the motion using a weight of the evidence standard, rather than a sufficiency of the evidence standard). Because in this case, "competent evidence" could signal "sufficient evidence" rather than "weight of the evidence," using the correct terminology does away with any lingering ambiguity and serves to instill confidence in the ruling. Therefore, we find the case must be remanded to the district court solely for application of the weight-of-the-evidence standard.

**REMANDED WITH DIRECTIONS.**