**IN THE COURT OF APPEALS OF IOWA**

No. 15-2002
Filed April 5, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK WESLEY BROWN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Keokuk County, Randy S.
DeGeest, Judge.


        A defendant challenges his conviction. **CONVICTION CONDITIONALLY
AFFIRMED; RULING ON MOTION VACATED; REMANDED WITH
DIRECTIONS.**


        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Mark Brown appeals his conviction for sexual abuse in the second degree, in violation of Iowa Code sections 709.1 and 709.3 (2014). Brown claims his trial counsel was ineffective in failing to file a motion to suppress, or object to, the admission of statements Brown made while being questioned by law enforcement. Brown also asserts the district court applied the wrong standard in ruling on his motion for new trial. We conclude Brown was not prejudiced by his counsel's performance, but we agree the district court applied the incorrect standard when ruling on Brown's motion for a new trial. Accordingly, we conditionally affirm Brown's conviction but remand for application of the proper standard to Brown's motion for a new trial.

## I.    Background Facts and Proceedings

In May 2013, law enforcement was contacted concerning an allegation Brown had sexually abused a minor. Following an interview with the victim, police obtained a search warrant for an apartment Brown was staying at and seized computer equipment Brown used to show pornography to the victim. While executing the warrant, law enforcement located Brown walking down the street and asked if he would be willing to accompany them to city hall. Brown agreed.

At city hall, law enforcement informed Brown of his *Miranda* rights and provided him with a written copy. Following Brown's written waiver, the officers began questioning Brown.[1] Over the first eighty minutes of the interview, Brown and the officers discussed the general events surrounding the allegations,

---

[1] The questioning was recorded on video.

eventually drilling down to the specifics of the allegations. After being shown the search warrant, Brown asked, "Can I get a lawyer?" One officer responded, "Sure." The officer then searched Brown's bag and asked, "So do you want to continue talking to us about this?" Brown responded, "We can continue talking but there is really nothing else to say." Over the next thirty minutes, Brown denied that he had committed any inappropriate acts. He also discussed various topics unrelated to the allegations with the officers. Brown then left the building.

On December 2, 2014, the State charged Brown with one count of sexual abuse in the second degree. The video recording of the interview with Brown was admitted at the bench trial. The court found Brown guilty as charged. Brown filed a motion for a new trial, which claimed the district court had admitted improper evidence. In ruling on Brown's motion, the court stated:

> The court has—prior to this date, I have reviewed the motions and the resistance. I've reviewed Iowa's Rules of Criminal Procedure 2.242(6). Also reviewed *State v Robinson* and reviewed the motion and applied the standard of review that is set forth in *State v Robinson*, and I've reviewed it in the light more favorable to the State without regard to contradictions and inconsistencies and assisted by all reasonable inferences.
> By any standard that I look at the Motion for New Trial, I must state that I cannot grant it. There is substantial evidence in the record. This Court is the one that entered the ruling. I believe it's beyond a reasonable doubt, and so I am going to deny the motion for a new trial at this time.
> And I've applied that standard as set forth in *State v Robinson*, 288 N.W.2d 337 (Iowa 1980).

Brown appeals.

## II.     Standard of Review

"[W]e review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). When a defendant claims

the district court applied the incorrect standard to a motion for new trial, we review the claim for errors at law. *State v. Root*, 801 N.W.2d 29, 30 (Iowa Ct. App. 2011).

### III.    Ineffective Assistance of Counsel

Brown claims his counsel was ineffective in failing to file a motion to suppress, or object to, the admission of a portion of the statements he made while being questioned by law enforcement.  Brown asserts the portion that should have been suppressed came after he unequivocally invoked his right to counsel or, in the alternative, after he equivocally invoked his right to counsel and law enforcement was required to ask him clarifying questions prior to proceeding with questioning.  The State responds that Brown's mention of counsel was equivocal and the officers were not required to clarify; therefore, Brown's counsel did not fail to perform an essential duty.  Additionally, the State claims Brown was not prejudiced by the admission of the statements made after his mention of counsel.

"In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted."  *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).  In regards to the first prong, we consider the totality of the circumstances and evaluate counsel's performance against the standard of a reasonably competent practitioner.  *Id.* at 195–96.  To show prejudice, a defendant must demonstrate "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."  *Bowman v. State*, 710 N.W.2d 200, 203 (Iowa 2006).  Both prongs must be proven by a preponderance of the

evidence, but "if the claim lacks the necessary prejudice, we can decide the case on the prejudice prong of the test without deciding whether the attorney performed deficiently." *Maxwell*, 743 N.W.2d at 196.

Assuming, without deciding, counsel failed to perform an essential duty by not filing a motion to suppress, or objecting to, the admission of Brown's statements after he spoke of wanting an attorney, we conclude Brown was not prejudiced by his counsel's performance. In reaching its verdict, the district court found the victim's testimony credible and consistent with the testimony of other witnesses. On the other hand, the court found Brown's testimony not credible, in that it was inconsistent and omitted details that reflected poorly on Brown. Further, there is no indication the court considered the statements Brown made after his purported invocation of his right to counsel in reaching its verdict, and our review of the videotape indicates that the statements Brown made after that point in time were largely innocuous small talk and not prejudicial to his defense of a general denial. In light of these facts, we conclude there is no reasonable probability the outcome of Brown's trial would have been different absent his counsel's alleged errors. Therefore, we reject Brown's claim of ineffective assistance of counsel.

### IV.    Motion for a New Trial

Brown asserts the district court applied the incorrect standard in ruling on his motion for a new trial and requests a remand with direction to apply the proper standard. The State agrees a remand is necessary.

In ruling on a motion for a new trial, district courts are required to determine whether the verdict is against the weight of the evidence. *State v.*

*Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). Here, the district court relied on the standard set forth in *State v. Robinson*—a case in which the defendant challenged the sufficiency of the evidence supporting his guilty verdict, and our supreme court applied a substantial-evidence review. 288 N.W.2d 337, 338 (Iowa 1980).

We agree the case must be remanded to the district court for application of the proper weight-of-the-evidence standard as required by *Ellis*. *See Root*, 801 N.W.2d at 31 ("While we place great confidence in the district court's experience in utilizing the differing standards, we have repeatedly remanded to make certain the proper standard was applied and reflected in its ruling.").

### V.    Conclusion

We conclude Brown was not prejudiced by any alleged errors by his counsel and, therefore, reject Brown's claim of ineffective assistance of counsel. However, because the district court applied the incorrect standard, we vacate the district court's ruling on Brown's motion for a new trial and remand for application of the proper standard.

**CONVICTION CONDITIONALLY AFFIRMED; RULING ON MOTION VACATED; REMANDED WITH DIRECTIONS.**