# IN THE COURT OF APPEALS OF IOWA

No. 17-1814
Filed November 21, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**PATRICK BARRETT JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cass County, Jeffrey L. Larson, Judge.

The defendant appeals from his conviction for sexual abuse in the second degree. **CONVICTION CONDITIONALLY AFFIRMED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

Patrick Barrett Jr. was convicted of sexual abuse in the second degree arising out of his sexual abuse of a child under the age of twelve. In this direct appeal, Barrett challenges his conviction. He contends the district court erred in denying his discovery request for the child's mental-health and counseling records. He also contends the district court abused its discretion in denying his motion for new trial made on the ground the verdict was contrary to the weight of the evidence.

I.

Barrett's first claim of error relates to the district court's denial of his motion to obtain discovery of the child's mental-health and counseling records. Barrett's challenge raises a non-constitutional claim. This court "review[s] nonconstitutional challenges to a district court ruling on a discovery matter for an abuse of discretion." *Powers v. State*, 911 N.W.2d 774, 780 (Iowa 2018); *accord State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013); *State v. Thompson*, 836 N.W.2d 470, 476 (Iowa 2013). "A reversal of a discovery ruling is warranted when the grounds underlying a district court order are clearly unreasonable or untenable." *Powers*, 911 N.W.2d at 780. "A district court decision is 'unreasonable or untenable' when it 'is not supported by substantial evidence or when it is based on an erroneous application of the law.'" *Id.* at 780 (quoting *State v. Brown*, 856 N.W.2d 685, 688 (Iowa 2014)).

As a general rule, a "mental health professional" cannot "disclose any confidential communication properly entrusted to the person in the person's professional capacity" that was "necessary and proper to enable the person to

discharge the functions of the person's office according to the usual course of practice or discipline." Iowa Code § 622.10(1) (2016). This statutory privilege "shall be absolute with regard to a criminal action." Iowa Code § 622.10(4)(a). This means the district court cannot "authorize or require the disclosure of any privileged records to a defendant in a criminal action." Iowa Code § 622.10(4)(a).

There are two exceptions to the statutory privilege. First, a defendant can obtain discovery of privileged records upon showing the privilege holder voluntarily waived the confidentiality privilege. *See* Iowa Code § 622.10(4)(a)(1). Second, a defendant can obtain discovery of privileged records upon "demonstrating in good faith a reasonable probability that the information sought is likely to contain exculpatory information that is not available from any other source and for which there is a compelling need for the defendant to present a defense in the case." Iowa Code § 622.10(4)(a)(2)(a). If the defendant satisfies the threshold showing for the second exception, the district court must "conduct an in camera review of such records to determine whether exculpatory information is contained in such records." Iowa Code § 622.10(4)(a)(2)(b). "If exculpatory information is contained in the records, the court shall balance the need to disclose such information against the privacy interest of the privilege holder." Iowa Code § 622.10(4)(a)(2)(c).

In this case, Barrett sought the child's mental-health and counseling records. The district court reviewed the child's mental-health and counseling records in camera. After reviewing the records in camera, the district court determined the records did not contain exculpatory information and denied the defendant's motion for discovery. Barret argues the district court erred in denying

his motion for discovery. Barrett contends mental-health and counseling records *always* have impeachment value in a sexual abuse case and thus *always* contain exculpatory information subject to disclosure.

In assessing the defendant's argument, we must acknowledge the defendant is at a disadvantage in challenging the district court's ruling and the State is at a disadvantage in defending the district court's ruling. Because the records were reviewed only by the district court, the parties are unaware of what information is contained therein. The defendant's argument on appeal is thus necessarily non-specific, and the State's rebuttal is also necessarily non-specific. Be that as it may, neither the federal nor state constitution requires defense counsel be provided access to the privileged records. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) ("We find that Ritchie's interest . . . in ensuring a fair trial can be protected fully by requiring that the . . . files be submitted only to the trial court for in camera review. Although this rule denies Ritchie the benefits of an 'advocate's eye,' we note that the trial court's discretion is not unbounded. If a defendant is aware of specific information contained in the file (e.g., the medical report), he is free to request it directly from the court, and argue in favor of its materiality."); *Thompson*, 836 N.W.2d at 486 ("The *Cashen* majority made a policy choice to allow defense counsel to conduct the in camera review without stating that procedure is constitutionally required. We hold that it is not. Less than a year later, the Iowa legislature made a different policy choice—to substitute the trial judge for defense counsel for the in camera inspection. We decline to make new law under the Iowa due process clause to redraw the constitutional boundaries to

strike down the legislature's policy choice."). We thus directly address the claim as presented in light of controlling authorities.

We reject Barrett's contention that mental-health and counseling records *always* have exculpatory value in a sexual abuse case and are *always* subject to disclosure. The primary case upon which the defendant relies does not support his claim. In *State v. Edouard*, the supreme court held the district court erred in denying the defendant's request to conduct an in camera review of the privileged information. 854 N.W.2d 421, 427 (Iowa 2014), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). The supreme court remanded the case to the district court to determine whether the privileged records contained exculpatory information and whether a new trial was necessary. *See id.* at 442-43. In remanding the matter to the district court for in camera review, the supreme court implicitly rejected the conclusion that mental-health and counseling records *always* have impeachment value and are *always* subject to discovery. Otherwise, the supreme court would have ordered the records to be disclosed rather than remanding the case for in camera review to determine whether the records should be disclosed. Indeed, after remand, the district court denied the defendant's request for discovery of the privileged records, and this court affirmed the denial. *See State v. Edouard*, No. 15-0128, 2016 WL 540974, at *1 (Iowa Ct. App. Feb. 10, 2016). Therefore, *Edouard* actually undermines the defendant's argument.

While not all mental-health and counseling records will contain exculpatory information, some certainly will. It is incumbent upon the district court to conduct a full and fair review of the privileged records to determine whether the privileged

records contain exculpatory information. This court has defined the term "exculpatory" broadly. *See State v. Retterath*, No. 16-1710, 2017 WL 6516729, at *11 (Iowa Ct. App. Dec. 20, 2017). In *Retterath*, we rejected any distinction between impeachment evidence and exculpatory evidence. *See id.* We explained exculpatory information includes any evidence that "tends to 'establish a criminal defendant's innocence.'" *See id.* (quoting *Exculpatory Evidence*, Black's Law Dictionary (10th ed. 2014)).

This court has reviewed the mental-health and counseling records the defendant sought, which were marked as court exhibits 1 and 2 and filed under seal. In conducting our review, we conclude the district court abused its discretion in finding the privileged records contained no exculpatory information. We find the district court also abused its discretion in concluding no exculpatory information needed to be disclosed under the statutory balancing test. We conclude the following records contain exculpatory information and should be disclosed pursuant to section 622.10(4):

- Other Event Sealed Medical Records - Only Exhibit 1: electronic pdf pages 9-25, 29-46, 108-111, 151, 153-155, 157-158;
- Other Event Sealed Medical Records - Exhibit 2, part 1: electronic pdf pages 14-15, 18-19;
- Other Event Sealed Medical Records - Exhibit 2, part 2: electronic pdf pages 13-14, 17-19, 50-51, 76-77, 102-108, 111-112, 115-116, 119-120;
- Other Event Sealed Medical Records - Exhibit 2, part 3: electronic pdf pages 45-46, 52-53.

Once the district court discloses the records to the attorneys, it shall consider whether new trial is necessary. *See Neiderbach*, 837 N.W.2d at 198.

We conclude this division with two observations regarding the current statutory scheme. First, in camera review by the district court (and appellate

review by this court) is inherently deficient. "Only the attorneys representing the parties know what they are looking for in the records. The court cannot foresee what may or may not be important to the defendant." *State v. Cashen*, 789 N.W.2d 400, 409 (Iowa 2010), *superseded by statute*, 2011 Iowa Acts Ch. 8, § 2 (codified at Iowa Code § 622.10 (2011)), *as recognized in State v. Dahl*, 874 N.W.2d 348, 351 (Iowa 2016). Without the help of the the attorney's eyes, the district court's review of the privileged records might result in an underinclusive disclosure of exculpatory information. This injects unreliability into the trial process and may infringe the defendant's right to due process. *See id.* at 407 ("The purpose of providing a defendant with the privileged records of a victim is to lessen the chance of wrongfully convicting an innocent person."). The statute, by having the district court rather than the attorneys serve as the gatekeeper of the privileged records, has created an unsatisfactory process that generates greater unreliability in the trial process.

Second, the statutory scheme places the district court (and the appellate courts) in the untenable position of being an advocate. "[T]he judicial process is normally driven by the parties. They bring their cases to the court and ask the court to decide the issues they present. Judges are not advocates who reach out to decide questions the parties themselves either deem unimportant or, for whatever reasons, fail to raise." *Feld v. Borkowski*, 790 N.W.2d 72, 83 (Iowa 2010). The current statutory scheme, by requiring the district court to determine what information is exculpatory, forces the district court to place its imprimatur on information it deems to be important to the litigation. This is contrary to the judicial

function.  "It is imperative the court not become an advocate of any party's cause." *State v. Voelkers*, 547 N.W.2d 625, 631 (Iowa Ct. App. 1996).

"In his classic definition of the qualities of a judge Socrates said: 'Four things belong to a judge: to hear courteously; to answer wisely; to consider soberly; and to decide impartially.'"  *State v. Glanton*, 231 N.W.2d 31, 35 (Iowa 1975).  The statute now adds a fifth quality:  "to discover diligently."  This duty is ongoing and requires the district court to monitor the conduct of trial to determine whether undisclosed information previously determined to not be not exculpatory later becomes exculpatory and subject to disclosure.  *See Ritchie*, 480 U.S. at 60 ("Moreover, the duty to disclose is ongoing; information that may be deemed immaterial upon original examination may become important as the proceedings progress, and the court would be obligated to release information material to the fairness of the trial.").

The current statutory scheme is untenable.  The General Assembly should amend the statute to restore the *Cashen* protocol and have defense counsel, rather than the district court, conduct an in camera review of the relevant records.

## II.

In his second claim of error, Barrett contends the district court abused its discretion in denying his motion for new trial.  The motion was filed pursuant to Iowa Rule of Criminal Procedure 2.24(2)(b)(6), asserting the verdict was contrary to the weight of the evidence.  The district court denied the motion on the record at sentencing.  The entirety of the ruling is below:

> The court has had an opportunity to review, prior to coming into the courtroom, the post trial motion filed by defense counsel and the response and resistance filed by the State.  I've also had a chance

to review the memorandum that counsel for defendant filed today. I've heard arguments from counsel, and at this time the court will overrule the post trial motions.

"The district court has broad discretion in ruling on a motion for new trial." *State v. Reeves*, 670 N.W.2d 199, 2002 (Iowa 2003); *accord State v. Atley*, 564 N.W.2d 817, 821 (Iowa 1997). "When considering a motion for new trial, the district court must apply the weight-of-the-evidence standard." *State v. Stevenson*, No. 04-1395, 2005 WL 2369809, at *1 (Iowa Ct. App. Sept. 28, 2005). "A verdict is contrary to the weight of the evidence where a greater amount of credible evidence supports one side of an issue or cause than the other." *Id.*

"[A]ppellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *Reeves*, 670 N.W.2d at 203. To show an abuse of discretion, the defendant "must show that the district court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* at 202. The district court abuses its discretion only where "the evidence preponderates heavily against the verdict." *See State v. Ellis*, 578 N.W.2d 655, 658-59 (Iowa 1998) (quoting 3 Charles A. Wright, *Federal Practice and Procedure* § 553, at 245-48 (2d ed. 1982)).

There are two aspects to Barrett's challenge to the district court's ruling. Barrett first contends the district court's cursory denial of his motion precludes appellate review because this court is unable to determine whether the district court applied the correct legal standard in ruling on the motion. As a remedy, he requests this matter be remanded with instruction to apply the correct legal standard. In the second part of his challenge to the district court's ruling, Barrett

contends the verdict is contrary to the weight of the evidence and the district court was wrong on the merits.

In support of his argument that the record is inadequate to conduct appellate review, Barrett relies on *State v. Root,* 801 N.W.2d 29 (Iowa Ct. App. 2011), and *State v. Scarlett*, No. 14-1704, 2016 WL 1130039 (Iowa Ct. App. Mar. 23, 2016). In *Root*, the district court denied the defendant's motion for a new trial by finding that the verdict was "supported by competent evidence." 801 N.W.2d at 31. This court reversed, concluding that "'competent evidence' could signal 'sufficient evidence' rather than 'weight of the evidence.'" *Id.* In *Scarlett*, the court denied the defendant's motion for a new trial by stating:

> [T]he reasons for denying the judgment of acquittal was [sic] that, in fact, a jury question had been committed—or been created as to each of the counts that were charged by the defendant. The court just relies on those prior findings by the court and denies . . . the motion for new trial . . . .

2016 WL 1130039, at *4-5. A judgment of acquittal standard is a sufficiency-of-the-evidence standard. This court reversed, concluding the district court applied the incorrect sufficiency-of-the-evidence standard rather than the correct weight-of-the-evidence standard. *See id.*

We conclude *Root* and *Scarlett* are not applicable here. In both *Root* and *Scarlett*, the record affirmatively showed the district court applied or may have applied the incorrect legal standard in ruling on the motion for new trial. In contrast, in this case, the record does not affirmatively demonstrate error. Instead, the record is silent on the district court's rationale for denying the motion.

Where, as here, the district court does not provide any reason for denying the motion for new trial, the controlling case is *State v. Maxwell*, 743 N.W2.d 185

(Iowa 2008). In *Maxwell*, the district court denied the defendant's motion for new trial without explanation. *See* 743 N.W.2d at 192 ("The court after reviewing the file hereby DENIES the defendant's Motion for Judgment of Acquittal and Motion for New Trial."). As in this case, the defendant claimed "the district court erred by failing to state its reasons for denying his motion for new trial and created a situation where this court is left with nothing to review." *Id.* The supreme court concluded the district court should state its reasons for denying the motion. *See id.* However, the supreme court concluded the district court's failure to provide its reasons for denying the motion did not require remand where the record was adequate to review the decision on the merits. *See id.* at 193 ("Because Maxwell's motion raised the issue in the district court, we are allowed to review the record to determine whether a proper basis exists to affirm the district court's denial of Maxwell's motion for new trial. In doing so, we review the trial court's ruling for an abuse of discretion."). We reiterate the supreme court's admonition in *Maxwell*: It is better practice for the district court to provide a statement of reason or reasons for its ruling on a motion for new trial. As in *Maxwell*, however, we conclude the record is adequate to review the district court's denial of the motion for new trial and remand is not necessary.

We now address the second aspect of Barrett's claim—the district court's ruling on the merits of the motion. While we have already concluded the district court must determine on remand whether a new trial is warranted for the failure to disclose exculpatory information, we are still obligated to address the district court's ruling on the motion for new trial on the record already made.

Where, as here, the jury is instructed without objection, the instructions are the law of the case for determining whether the verdict is contrary to the weight of the evidence. *See State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009); *State v. Phipps*, No. 17-1653, 2018 WL 4638351, at *2 (Iowa Ct. App. Sept. 26, 2008). Here, the jury was instructed the State was required to prove the following: first, between January 1, 2010, and January 31, 2016, the defendant performed a sex act with the child; second, the defendant performed the sex act while the child was under the age of twelve. The jury instructions defined a "sex act" as sexual contact by penetration of the penis into the anus, between the mouth of one person and the genitals of another, between the genitals of one person and the genitals or anus of another, and between the finger or hand of one person and the genitals or anus of another.

Our review of the record indicates the greater weight of the evidence supports the jury's verdict that the defendant performed a sex act with the child while the child was under the age of twelve. The record shows the child first disclosed the sexual abuse in July 2016 to his therapist. Prior to disclosing the sexual abuse to his therapist in July 2016, the child had treated with other therapists for several years for anger management. The child denied he told any of these prior therapists about the sexual abuse. He testified he was embarrassed and did not fully understand the abuse was wrong. He testified he thought the contact was bad but that it also felt good. The child also denied telling anyone else about the abuse prior to July 2016, including his parents, his stepmother, and his siblings and half-siblings.

After the child disclosed the sexual abuse, his therapist referred the matter to the local sheriff's department and the department of human services. The sheriff's department, in turn, referred the matter to a forensic interviewer at Project Harmony, an organization that specializes in helping sexually abused children. During his first interview at Project Harmony, the child disclosed some of the conduct. However, he failed to disclose all of it and failed to provide details. The interviewer requested a second interview to clarify and follow-up on several items. In the second interview, the child revealed more incidents of abuse and greater detail.

It is unnecessary to document each incident of sexual abuse in detail, but the record shows the child testified regarding several specific instances of abuse. There were some minor inconsistencies in the child's initial reports of abuse and his trial testimony. However, the child's core accusations of sexual abuse have not changed since the time of the initial disclosure. The child has always maintained Barrett sexually abused him on multiple occasions and in multiple ways over a lengthy period of time. While the child provided greater detail regarding the abuse over time, he has never retreated from his accusations of abuse. Minor inconsistencies in the accuser's pretrial statements and testimony are generally not enough to establish the district court abused its discretion in denying a motion for new trial. *See State v. Kissell*, No. 16-0887, 2017 WL 6032585, at *2 (Iowa Ct. App. Nov. 22, 2017) (explaining minor inconsistencies "pale in comparison to . . . consistent testimony regarding the fundamental facts of the abuse"); *State v. Blaise*, No. 14-1818, 2015 WL 5285984, at *1 (Iowa Ct. App. Sept. 10, 2015) ("[Defendant] complains that the child's testimony contained inconsistencies and

therefore lacks probative weight. While there are inconsistencies in the testimony, the district court implicitly found the victim's testimony credible, which supported the verdict."); *Stevenson*, 2005 WL 2369809, at *2 ("While the record certainly supports that [the sexual abuse victim's] testimony was subject to certain inconsistencies and that her credibility reasonably may have been questioned, these observations are insufficient for this court to conclude the district court abused its discretion in denying [Defendant's] motion.").

In reaching our conclusion, we acknowledge there was also contrary evidence. The defendant testified on his own behalf. He adamantly denied abusing the child. The child's father and stepmother testified on Barrett's behalf. They testified Barrett would have had only limited opportunities to be alone with the child to perpetrate the abuse. They testified they would be comfortable leaving their other children in Barrett's care. However, based on the record made during this trial, this is not the extraordinary case in which the evidence preponderates heavily against the verdict. *See Ellis*, 578 N.W.2d at 658-59; *State v. Murphy*, No. 17-0978, 2018 WL 3472040, at *6 (Iowa Ct. App. July 18, 2018) (stating it is an "extraordinary case where the evidence preponderates heavily against the verdict" and affirming denial of motion for new trial).

The district court did not abuse its discretion in denying the defendant's motion for new trial based on the existing trial record. We caution that nothing in this opinion is intended to comment on the determination of whether Barrett is entitled to a new trial following the disclosure of the exculpatory records set forth above. That determination is for the district court in the first instance.

III.

The district court abused its discretion in denying Barrett's discovery request for the child's mental-health and counseling records. The district court did not abuse its discretion in denying the defendant's motion for new trial on the trial record made. We conditionally affirm the defendant's conviction and remand this matter for disclosure of the exculpatory records pursuant to section 622.10(4) and for a determination of whether the defendant is entitled to a new trial.

**CONVICTION CONDITIONALLY AFFIRMED AND REMANDED.**