# IN THE COURT OF APPEALS OF IOWA

No. 17-1842
Filed January 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMODD SALLIS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Jamodd Sallis appeals from his convictions and sentences for possession of a firearm by a felon, being a habitual offender, and carrying weapons. **CONVICTION CONDITIONALLY AFFIRMED; RULING ON MOTION VACATED; REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Tabor, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**TABOR, Judge.**

Jamodd Sallis appeals his convictions and sentence following jury verdicts finding him guilty of possession of a firearm by a felon while being a habitual offender and carrying weapons. He argues the State presented insufficient evidence to prove he possessed a firearm. He also contends the district court applied the wrong standard in ruling on his motion for new trial. Lastly, Sallis challenges the district court's determination of his reasonable ability to pay restitution.

We find substantial evidence supported the verdicts. But the district court did not apply the weight-of-the-evidence standard in ruling on the new-trial motion. Accordingly, we affirm the verdicts but reverse the ruling on the new-trial motion and remand with directions. We also remand on the restitution issue because the district court abused its discretion in deciding Sallis had the ability to pay without knowing the total amount of restitution owed.

**I. Facts and Prior Proceedings.**

Jennie Hansel and her mother, Cathy Pingel,[1] met Sallis when he loaded items into their car at a home-improvement store. Sallis also helped them unload the car at Hansel's home later that day. Sallis gave his phone number to Hansel in case she needed assistance in the future.

Around the same time, Cathy was serving as the executor of her friend's estate. The beneficiary of the estate was the friend's minor son. After an auction, the estate would place the proceeds in a trust for the beneficiary. Due to tension

---

[1] We sometimes refer to Cathy and James Thomas "Tom" Pingel by their first names for clarity's sake.

between Cathy and the beneficiary, Cathy decided to hire security for the auction. Cathy hired Sallis and his security company.

At the time Cathy and her husband, Tom, hired Sallis they did not know he was a convicted felon. Sallis drafted a contract between himself as the chief executive officer of Secure-All and Cathy on behalf of the estate. The contract terms included paying "armed" security guards $20 per hour and "unarmed" security guards $15 per hour. The contract did not define "armed" but specified the presence of "at least one armed officer at all times during the course of this contract."

Sallis's wife delivered security supplies, including a .40 caliber semi-automatic pistol and ammunition, from their house to the auction site. Over the span of three days, October 12 through 14, Sallis and a team of nine other individuals provided around-the-clock security. Cathy and other witnesses saw Sallis in possession of a firearm. Cathy recalled Sallis concealed it in his waistband or holster. Sallis and his team were present for the October 14 auction. The auctioneer directed Sallis and his men to conceal their firearms. During a discussion with Sallis at the auction, Tom saw Sallis remove a firearm from under his shirt. Tom recognized the pistol as requiring .40 caliber ammunition because Tom owned a firearm of the same caliber.

After the auction, Sallis provided a timesheet to Cathy including an hourly-rate breakdown of charges for armed and unarmed guards. The sheet listed Desmond Rogers, Ramon Cooper, and Sallis at $20 an hour, or, in other words, as armed guards. Sallis was listed at the armed rate for all three days.

In the days before the auction, Cathy rented a car for Sallis to drive back and forth from the auction site. On the Sunday following the auction, Cathy and Tom went to Sallis's house to retrieve the rental car. They found Sallis and his wife loading the rental car with personal items. Sallis told the Pingels to leave, and they did. During this confrontation, Cathy was on the phone with her daughter, Hansel. Hansel called the police, who went to Sallis's house. The police asked the Pingels to return to the Sallis residence, but they declined.

A few days later, Cathy filed a police report. She alleged Sallis had a gun during the confrontation over the rental car. Based on Cathy's report, officers obtained a warrant to search Sallis's house. The police seized security badges, conceal-carry permit badges, paper shooting targets, and handcuffs. But they did not recover any firearms.

The State charged Sallis with being a felon in possession, carrying weapons, and impersonating a public official. The State amended the trial information to include the habitual-offender enhancement. On September 13, 2017, a jury trial commenced. Five days later, the jury convicted Sallis of possession of a firearm by a felon and carrying weapons. At a September 26 hearing, Sallis admitted his previous felony convictions.

Sallis moved for a new trial on November 2. The court denied the motion and sentenced Sallis to fifteen years confinement with a mandatory three-year minimum for the possession charge and a two-year minimum for the carrying weapons charge, to be served concurrently. The court ordered Sallis to pay court costs but found he had "no reasonable ability to repay court-appointed attorney fees" given his prison sentence. Sallis appeals.

**II. Scope and Standards of Review.**

**"**We review challenges to the sufficiency of evidence for correction of errors at law." *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). A verdict of guilty will be upheld if supported by substantial evidence. *Id.* Substantial evidence exists when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt. *Id.* To determine whether a finding of guilt is sufficiently supported, all relevant evidence is viewed in the light most favorable to the State. *Id.* We also review restitution orders for correction of errors at law. *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010).

Courts apply a different standard to motions for new trial than to sufficiency-of-the-evidence claims. "We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). "A district court should grant a motion for a new trial only in exceptional circumstances." *Id.* at 705. But "we review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law." *Id.* at 706.

**III. Discussion.**

**A. Sufficiency of the Evidence.**

Sallis contends the State offered insufficient evidence to prove he possessed a firearm. He argues the testimony of the Pingels and Hansel was "self-contradictory and borderline absurd" and ought to be deemed a nullity. *See State v. Smith*, 508 N.W.2d 101, 103 (Iowa 1993) (recognizing in rare circumstances the testimony of a witness "may be so impossible and absurd and self-contradictory that it should be deemed a nullity by the court" (quoting *Graham*

*v Chicago & N.W. Ry. Co.*, 119 N.W, 708, 711 (Iowa 1909))). Without the testimony from those three witnesses, Sallis contends the State's evidence was insufficient. The State contends the jury resolved any credibility questions and the witnesses explained why their accounts changed over time.[2]

After thoroughly reviewing the record, we conclude those witnesses' testimony—together with the other evidence in the case and viewed in the light most favorable to the State—is sufficient to convince a rational trier of fact Sallis was guilty beyond a reasonable doubt. Sallis stipulated he was a felon and several witnesses saw him in possession of a firearm. Substantial evidence supported the jury verdict.

### B.     Ruling on Motion for New Trial.

Iowa Rule of Criminal Procedure 2.24(2)(b)(6) allows a defendant to request a new trial when the verdict is "contrary to law or evidence."[3] The rule means "contrary to the weight of the evidence." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). Where the evidence "preponderates heavily" against the verdict, the district court should grant a new trial based on the weight of the evidence to avoid a miscarriage of justice. *Id.* at 658–59. The weight-of-the-evidence standard

---

[2] The State contends Sallis did not preserve error on his *Smith* argument. During trial, Sallis moved for directed verdict arguing, "The only evidence proffered by the State were through three witnesses whose stories have changed a lot . . . the credibility is so suspect that I don't believe the jury could reasonably find, absent an actual gun, that Mr. Sallis was in possession of a gun." That motion and corresponding argument preserved error on the present claim.

[3] Sallis also captioned his post-trial filing as a motion in arrest of judgment under Iowa Rule of Criminal Procedure 2.24(3). A motion in arrest of judgment is commonly used to challenge a guilty plea, though it may be filed after a verdict of guilty. *State v. Dallen*, 452 N.W.2d 398, 399 (Iowa 1990). But it may not be used to challenge the sufficiency of evidence. *Id.*; *see also State v. Oldfather*, 306 N.W.2d 760, 763 (Iowa 1981) (holding motion in arrest of judgment was proper when underlying statute was not applicable to facts proven).

requires the district court to independently "weigh the evidence and consider the credibility of the witnesses." *Id.* at 658. On appellate review, we do not re-weigh the evidence or judge the credibility of the witnesses in our consideration of the denial of a motion for new trial—our review is limited to the exercise of discretion by the trial court. *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003).

In ruling on the new-trial motion, the district court stated:

> The Court does find that there was sufficient evidence on the record as a whole on which legal judgment can be entered against the defendant in this case. The evidence was substantial and the jury had more than adequate evidence upon which to base its verdict and the Court will deny the Motion For New Trial and Motion in Arrest of Judgment for the reasons stated today and the reasons I've stated previously on the record during the trial.

On appeal, Sallis asserts the district court applied the wrong standard.[4] He claims the court did not independently evaluate the evidence or make credibility determinations. Sallis alternatively claims the court abused its discretion in denying the motion.

The State contends we should affirm because the district court "never indicated it was viewing the evidence in the light most favorable to the State"—a framing that would have betrayed its application of the sufficiency rather than the weight-of-the-evidence standard. *See State v. Scalise*, 660 N.W.2d 58, 65–66 (Iowa 2003) ("The court is not to approach the evidence from the standpoint 'most favorable to the verdict.' Rather, the court must independently consider whether

---

[4] The State contends Sallis did not preserve error because his "vague and standardless" motion for new trial "did not clearly request a ruling on the correct standard." The State also suggests Sallis had a burden to inform the court it applied the wrong standard. We conclude Sallis preserved error by citing rule 2.24(2)(b)(6) in his new-trial motion and arguing at the hearing the verdicts were "contrary to the weight" of the evidence.

the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted." (citation omitted)).

We recognize considering the evidence in the light most favorable to the verdict is a key distinction between ruling on a motion for judgment of acquittal and ruling on a motion for new trial. *See Ellis*, 578 N.W.2d at 658–59; *see also State v. Jones*, No. 16-1828, 2018 WL 1858296, at *7 (Iowa Ct. App. Apr. 18, 2018) (finding no error when district court was responding to defendant's pro se motion, the basis for the motion was not "entirely clear" and the court "gave no indication it was considering the evidence in the light most favorable to the State"). But even when the district court does not expressly approach the question from a standpoint favorable to the State, references to "sufficient" and "substantial" evidence are red flags. *See Ary*, 877 N.W.2d at 706 (remanding case for the district court to apply the weight-of-the-evidence standard when judge found the evidence "was sufficient for the jury to convict"); *see also State v. Root*, 801 N.W.2d 29, 31 (Iowa Ct. App. 2011) (remanding for application of weight-of-the-evidence standard when judge found verdict supported by "competent" evidence). In *Root*, we remanded because "using the correct terminology does away with any lingering ambiguity and serves to instill confidence in the ruling." 801 N.W.2d at 31.

Here, before ruling, the district court evinced uncertainty as to the correct criterion for the new-trial motion, asking the prosecutor: "Just so I'm clear on what you believe the standard to be is what?" Unfortunately, the State's response came across as a word salad: "[F]or the standard for new trial, basically supported by the—supported by the substantial evidence in that the jury—that a reasonable jury could find for that verdict." After that confusing build-up, the district court did not

refer to the weight of the evidence, but instead repeated the State's reference to the "substantial evidence" test. Use of the word "substantial"—standing alone— does not mean the district court applied the wrong standard. *See State v. O'Shea*, 634 N.W.2d 150, 155 (Iowa Ct. App. 2001) (finding district court applied proper test to new-trial motion when it "made specific credibility findings—a thing not permitted under a sufficiency of the evidence assessment—and the bulk of its ruling is a near verbatim recitation of the *Ellis* criterion" despite its use of the word "substantial"). But in this case, the district court did not make findings concerning the truthfulness of the State's witnesses against Sallis nor did it assess whether the greater weight of the credible evidence tipped against the jury's verdicts. In the absence of that assessment, we must remand for the court to apply the *Ellis* standard.

But, because we also find the evidence was sufficient to deny the motion for judgment of acquittal, we affirm the convictions conditionally, vacate the ruling on the new-trial motion, and remand for reconsideration of the motion applying a weight-of-the-evidence standard to the existing record. If the court denies the motion, our affirmance will stand. If the court grants the motion, the court should set aside the judgment and sentence and order a new trial, forgoing further action on the restitution issue detailed below.

### C. Court Costs.

Regarding court costs, Sallis advances three arguments: (1) the sentencing court erred in concluding he was reasonably able to pay court costs because that conclusion is incompatible with its conclusion he did not have a reasonable ability to pay attorney's fees; (2) the court should not determine a defendant's reasonable

ability to pay court costs when the amount is unknown; and (3) the court articulated no basis for its conclusion he was reasonably able to pay court costs. The State contends Sallis's arguments are premature because no plan of restitution was filed at the time of sentencing and because Sallis has not petitioned for a modification under Iowa Code section 910.7 (2017).

Regardless of a defendant's ability to pay, the sentencing court must order restitution to crime victims and to the clerk of court for fines, penalties, and surcharges. Iowa Code § 910.2(1); *see also State v. Wagner*, 484 N.W.2d 212, 215–16 (Iowa Ct. App. 1992). But ordering court costs and court-appointed attorney fees is subject to a defendant's reasonable ability to pay. Iowa Code § 910.2(1); *see also State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985). A defendant's reasonable ability to pay is a "constitutional prerequisite" for restitution orders under section 910.2. *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). "A determination of reasonableness, especially in a case of long-term incarceration, is more appropriately based on the inmate's ability to pay the current installments than his ability to ultimately pay the total amount due." *Id.* at 649. "The ability to pay is an issue apart from the amount of restitution and is therefore not an 'order [ ] incorporated in the sentence' and is therefore not directly appealable as such." *State v. Jose*, 636 N.W.2d 38, 45 (Iowa 2001) (alteration in original). Until the plan of restitution contemplated by Iowa Code section 910.3 is completed, the court is not required to give consideration to the defendant's ability to pay. *See State v. Swartz*, 601 N.W.2d 348, 354 (Iowa 1999).

When Sallis filed his notice of appeal, the total amount of restitution had yet to be determined, and the plan of restitution was not completed. Until the total

obligation is determined, the court cannot determine whether a defendant is reasonably able to pay restitution. We conclude the district court abused its discretion in determining Sallis had the ability to pay because such a determination was premature. *See State v. Campbell*, No. 15-1181, 2016 WL 4543763, at *4 (Iowa Ct. App. Aug. 31, 2016) (holding "sentencing court cannot determine a defendant's ability to pay restitution without, at a minimum, an estimate of the total amount of restitution").

We affirm the jury verdicts on the sufficiency of the evidence. But we reverse the district court's judgment on the new-trial motion and its determination Sallis had the reasonable ability to pay restitution. We remand for two actions: (1) a corrected sentencing order removing the reference to Sallis's ability to pay and (2) application of the weight-of-the-evidence standard on Sallis's motion for new trial.

**CONVICTION CONDITIONALLY AFFIRMED; RULING ON MOTION VACATED; REMANDED WITH DIRECTIONS.**

Vogel, C.J., concurs; Danilson, S.J., partially dissents.

**DANILSON, Senior Judge. (Concurring in Part and Dissenting in Part)**

I agree with the majority in all respects except the adequacy of the district court's ruling on the motion for new trial. I believe the district court applied the proper standard, and I would affirm the convictions but remand with directions to correct the sentencing order.

Here, the district court concluded there was both sufficient and substantial evidence supporting the verdict. Moreover, the court referenced and considered the "record as a whole" as is required in ruling on the motion in arrest of judgment, which necessarily would include consideration of the credibility of the witnesses. *See Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012) (concluding a view of the "record as a whole" includes a consideration of evidence supporting a challenged finding and evidence detracting from it). The district court need not reference the credibility of each witness. The district court did not use the magic words, "weight of the evidence." However, in addition to finding the evidence both sufficient and substantial, the court stated "the jury had more than adequate evidence upon which to base its verdict." I believe it is clear the district court was aware a different standard applied in ruling upon a motion for new trial than a motion for judgment of acquittal. And, although the court did not precisely say all the magic words, I believe it applied the proper standard and rendered a proper ruling on the motion.