# IN THE COURT OF APPEALS OF IOWA

No. 22-0395
Filed March 8, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRYAN MICHAEL HALFHILL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Michael Shubatt,

Judge.


        A defendant appeals his convictions for second-degree sexual abuse and

lascivious acts with a child.  **REVERSED AND REMANDED.**


        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Richard J. Bennett, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Bryan Halfhill appeals his convictions for second-degree sexual abuse and lascivious acts with a child. We determine the district court applied the wrong standard in ruling on Halfhill's motion for a new trial. We reverse the district court's ruling on the motion for new trial and remand to the district court for a ruling on this motion, applying the weight-of-the-evidence standard.

## I.     Background Facts & Proceedings

The jury could find the following facts from the evidence presented at the trial.[1] G.U. was Halfhill's former girlfriend and the mother of D.U., who was born in 2013. In a video deposition, D.U. stated Halfhill "let me touch his pee-pee and my mom's butt." G.U. testified that she observed Halfhill "having [D.U.] touch his penis, stroking it, giving him a hand job." G.U. testified she was coerced by Halfhill to participate in the sexual abuse of D.U. The jury found Halfhill guilty of sexual abuse in the second degree, in violation of Iowa Code section 709.3(1)(b) (2019); and lascivious acts with a child, in violation of section 709.8(1)(a).[2]

Halfhill filed a combined motion in arrest of judgment and a motion for a new trial. He claimed the verdicts for second-degree sexual abuse and lascivious acts

---

[1] Halfhill was previously convicted of second-degree sexual abuse, lascivious acts with a child, and lascivious acts with a child by way of soliciting a person to commit a sex act with a child. *State v. Halfhill*, No. 19-2093, 2021 WL 1400761, at *1 (Iowa Ct. App. Apr. 14, 2021). Those convictions were reversed on appeal, and the case was remanded for a new trial. *Id.* at *4. In this appeal, we discuss only the evidence presented at the second criminal trial.

[2] The jury also determined Halfhill was not guilty of lascivious acts with a child, solicitation of a person to commit a sex act with a child, in violation of section 709.8(1)(d). That count involved a different child victim.

with a child were not supported by substantial evidence and were contrary to the weight of the evidence. He asserted that G.U. was not a credible witness.

The State resisted the motion. The State noted the court had discretion to grant a new trial based on a claim the verdict was contrary to the weight of the evidence and a new trial should be granted only in exceptional circumstances. The resistance stated:

> Substantial evidence supports both convictions. For Count I, Sexual Abuse—2nd Degree, the evidence consisted of testimony from the victim, from [G.U.], and the prior recorded statement of the victim when he was interviewed by investigators in December 2018. The statement—a spontaneous description from a five-year-old victim describing acts of sexual abuse by the Defendant—is by itself sufficient evidence for the conviction. The Defendant does not identify any lack of evidentiary basis for admission of the recording.
>
> Concerning Count II, Lascivious Acts (fondling), the victim did provide sufficient testimony of acts of fondling by the Defendant. That testimony was supported by the evidence offered through [G.U.]. Importantly, whether or not the jury considered [G.U.] credible on the issue of her own culpability or coercion from the Defendant, [G.U.'s] testimony that the victim was fondled by the Defendant multiple times was supported by other evidence in the case. The Defendant obviously had prior knowledge of evidence of child sexual abuse on [G.U.'s] phone, and no explanation exists for the Defendant's statements and actions in November 2018 except that he knew he would be implicated if the evidence made it to law enforcement.

But the State's resistance did not contain any discussion of whether the verdicts were contrary to the weight of the evidence. The resistance focused only on whether the verdicts were supported by substantial evidence.

At the sentencing hearing, defense counsel requested a new trial because the weight of the evidence did not support the verdicts. The State responded, "the testimony provided by the victim on both of these counts was convincing and sufficient evidence on both of the charges." The court ruled:

> I deny both the Motion For New Trial and Motion in Arrest of Judgment for the reasons set forth in the State's resistance. I believe the issues were presented to the jury, the jury had the opportunity to weigh the evidence, which is the responsibility of the jury, and they reached their verdict in this case.

Halfhill now appeals his convictions.

## II. Motion for New Trial

Halfhill claims the district court used the wrong standard when evaluating his motion for new trial. A court may grant a motion for new trial when the "verdict is contrary to law or evidence." Iowa R. Crim. P. 2.24(2)(6). The rule does not refer to the sufficiency of the evidence; a new trial may be granted when a verdict is contrary to the weight of the evidence. *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). A court has "wide discretion in deciding motions for new trial." *Id.* This discretion should be exercised "carefully and sparingly." *Id.*

When a court denies a motion for new trial based on the sufficiency of the evidence rather than the weight of the evidence, the ruling should be reversed and the matter remanded for the court to rule on the motion applying the correct standard. *Id.*; *see also State v. Ary*, 877 N.W.2d 686, 707 (Iowa 2016) (finding that where the district court erroneously considered the sufficiency of the evidence rather than the weight of the evidence, the case should be remanded for consideration of the correct standard). Where a court's ruling is ambiguous as to what standard was applied, the case should be remanded for a ruling "using the correct terminology." *State v. Root*, 801 N.W.2d 29, 31 (Iowa Ct. App. 2011).

The district court's ruling did not show that it independently considered whether the verdict was contrary to the weight of the evidence. *See State v. Scalise*, 660 N.W.2d 58, 65–66 (Iowa 2003). "[T]he district court did not make

findings concerning the truthfulness of the State's witnesses against [the defendant] nor did it assess whether the greater weight of the credible evidence tipped against the jury's verdicts." *State v. Sallis*, No. 17-1842, 2019 WL 325019, at *4 (Iowa Ct. App. Jan. 23, 2019). The court did not state that it had reviewed the evidence; it stated "the jury had the opportunity to weigh the evidence." *Cf. State v. Fortune*, No. 16-0360, 2017 WL 2875866, at *4 (Iowa Ct. App. July 6, 2017) (finding a court's review of a motion for new trial was proper when the "court stated it reviewed the evidence, demonstrating independent review of all evidence rather than deference to the jury's verdict"). Additionally, the court asserted that it was relying on the State's resistance, which did not contain a discussion of whether the verdicts were contrary to the weight of the evidence but set out reasons to show the verdicts were supported by substantial evidence.

The State claims this case should be governed by *State v. Maxwell*, where the district court did not state its reasons for denying a motion for new trial. 743 N.W.2d 185, 192 (Iowa 2008). In that case, however, "the issue of whether the verdict was contrary to the weight of the evidence was the only issue the court needed to decide to determine whether Maxwell was entitled to a new trial." *Id.* at 193. The Iowa Supreme Court concluded, "In denying Maxwell's motion, the district court must have found the jury's guilty verdict was not contrary to the weight of the evidence." *Id.* We determine *Maxwell* is not applicable because the motion for new trial was not the only issue before the court—Halfhill also filed a motion in arrest of judgment. Additionally, the district court did not fail to give any reasons in this case; it stated it was relying on the jury's assessment of the credibility of the witnesses, which is an incorrect standard for reviewing a motion for new trial.

We reverse the district court's ruling on the motion for new trial and remand to the district court for a new ruling applying the weight-of-the-evidence standard. *See Ellis*, 578 N.W.2d at 659.

**REVERSED AND REMANDED.**